**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **JESSICA MARIE WYATT,** | § | |
| **#43698-177,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CIVIL NO. 3:16-CV-1846-M-BK** |
| | § | **(Criminal No. 3:11-CR-250-M-15)** |
| **UNITED STATES OF AMERICA,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the United States magistrate judge.  Upon review of the relevant pleadings and law, and for the reasons that follow, it is recommended that the section 2255 motion be summarily **DISMISSED WITH PREJUDICE** as time barred.

**I. BACKGROUND**

In May 2012, following her guilty plea to conspiracy to distribute a controlled substance, Petitioner was sentenced to 96 months' imprisonment and a four-year term of supervised release. Crim. Doc. 889 at 1-2.  Petitioner did not file a direct appeal, and the Court subsequently denied her motion to reduce sentence based on the 2014 Drug Guidelines Amendment.  Crim. Doc. 1660.  On June 28, 2016, Petitioner filed a *pro se* motion to vacate sentence, seeking relief based on the holding in *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551, 2563 (2015), that imposing an increased sentence under the residual clause of the Armed Career Criminal Act

(ACCA), 28 U.S.C. § 924(e), violates the Constitution's guarantee of due process.[1]  Doc. 2 at 1.

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for federal inmates seeking post-conviction relief under 28 U.S.C. § 2255, which the Court may consider *sua sponte* after providing notice and opportunity to respond.[2]  *See* 28 U.S.C. § 2255(f); *Day v. McDonough*, 547 U.S. 198, 209-210 (2006) (addressing a similar provision applicable to state habeas petitions under 28 U.S.C. § 2254).[3]

### A.  Jurisdiction

On October 3, 2016, Petitioner filed an interlocutory notice of appeal in the United States Court of Appeals for the Fifth Circuit, which in turn forwarded it to this Court for filing.  Doc. 4. While it is unclear what Petitioner seeks to appeal, as no appealable order has been entered in this case, thus, the Court proceeds with judicial screening even though the appeal remains pending.  *See United States v. Green*, 882 F.2d 999, 1001 (5th Cir.1989) (notice of appeal from a non-appealable order does not render void for lack of jurisdiction acts of trial court taken in the interval between filing of the notice and dismissal of the appeal).  Additionally, since this is Petitioner's first section 2255 motion, the filing of her recent motion for authorization to file a successive section 2255 with the Fifth Circuit Court of Appeals, *see In re Wyatt*, No. 16-11466

---

[1] The Court deems the section 2255 motion filed on June 24, 2016, the date it was post-marked. Doc. 2 at 7.

[2] The 14-day statutory objection period will provide Petitioner an opportunity to respond.

[3] Here, Petitioner will have adequate notice and an opportunity to respond to the statute of limitations ruling during the 14-day period for filing objections to the findings, conclusions and recommendation.  *See Magouirk v. Phillips,* 144 F.3d 348, 359 (5th Cir. 1998) (Magistrate Judge's findings and recommendation provided habeas petitioner reasonable opportunity to oppose application of the procedural default doctrine).

(5th Cir. October 3, 2016), does not deprive this Court of jurisdiction over this case.  *See United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (28 U.S.C. § 2255(h) and 28 U.S.C. § 2244(b)(3)(A) and (B) constitute a bar to the district court's jurisdiction to consider a <u>successive</u> habeas application filed without first seeking leave to file from the United States Court of Appeals).

### B.  Limitations

Petitioner relies on 28 U.S.C. § 2255(f)(3) and *Johnson* to overcome the one-year limitations period in section 2255(f)(1) since, otherwise, her section 2255 motion is clearly untimely.  Over four years have elapsed since her conviction first became final in June 2012. *See Clay v. United States*, 537 U.S. 522, 525 (2003); Sup. Ct. R. 13(1) (a petition for writ of certiorari is timely if filed within 90 days after entry of the judgment).[4]

However, Petitioner's reliance on section 2255(f)(3) and *Johnson* is misplaced.  *Johnson* has no bearing on Petitioner's case, since her sentence was not increased under the ACCA's residual clause -- the only provision that *Johnson* found to be unconstitutional.  *See Johnson*, ___ U.S. ___, 135 S. Ct. at 2563 (calling into question *only* the residual clause of the ACCA).  Rather the Presentence Report (PSR) (which was adopted at sentencing) calculated Petitioner's base offense level for drug possession under U.S.S.G. § 2D1.1.  *See* Crim. Doc. 632-1 at 26, PSR ¶ 102; Crim. Doc. 890 at 1, Statement of Reasons (SOR).

Additionally, even assuming the Supreme Court finds *Johnson* retroactively applicable to

---

[4] Section 2255(f)(3) provides that the one-year limitations period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  The Supreme Court recently found *Johnson* retroactively applicable to cases on collateral review in *United States v. Welch*, ___ U.S. ___, 136 S. Ct. 1257 (2016).

the career offender provision of the Sentencing Guidelines, *see Beckles v. United States*, 616 Fed. Appx. 415 (11th Cir. 2015), *cert. granted*, ___ U.S. ___, 136 S. Ct. 2510 (2016), as previously noted, Petitioner was not sentenced as a career offender.  Thus, her claim is not premised on a penal statute or Sentencing Guidelines provision that contains or incorporates any clauses resembling the ones found unconstitutional in *Johnson*.  Section 2255(f)(3) is, therefore, not applicable in this case.[5]

Consequently, the section 2255 motion is clearly outside the one-year statute of limitations absent equitable tolling.

### C.  Equitable Tolling

Petitioner posits no facts from which the Court can find that equitable tolling applies.  *See Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (equitable tolling requires a petitioner to show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing"); *see also Menominee Indian Tribe of Wis. v. United States*, ___ U.S. ___, 136 S. Ct. 750, 755-756 (2016).  *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) ("[E]quity is not intended for those who sleep on their rights.") (quotation and quoted case omitted).  Neither a prisoner's unfamiliarity with the law nor her *pro se* status rises to the level of a rare or exceptional circumstance that would warrant equitable tolling.  *See United States v. Petty*, 530 F.3d 361, 365-366 (5th Cir. 2008) (lack of legal training, ignorance of the law, and *pro se* status are insufficient to equitably toll the statute of limitations).  Accordingly, Petitioner has not carried her burden of establishing that equitable tolling is warranted in this case.  *Id.* at 365.

---

[5] Sections 2255(f)(2) and (4) are likewise inapplicable.  Petitioner does not appear to base her claims on a government created impediment, and the facts supporting his ground for relief should have been known prior to the date on which his conviction became final.

## III.  RECOMMENDATION

For the foregoing reasons, it is recommended that the motion to vacate sentence under 28 U.S.C. § 2255 be summarily **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations.

**SIGNED** November 7, 2016.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE